IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY J WILLIAMS,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　CASE NO. 1:19-cv-92-AW-GRJ

A ALFONSO, et al.,

    Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Martin CI, initiated this case by filing ECF No. 1, a *pro se* civil rights complaint, and ECF No. 2, a motion for leave to proceed as a pauper. Because Plaintiff's motion was deficient, the Court ordered him to file a completed prisoner consent and financial certificate form and a certified copy of his account statement, as well as an amended complaint. ECF No. 5. Plaintiff was ordered to comply by June 27, 2019, failing which this case would be dismissed. As of this date, Plaintiff has neither complied nor shown cause as to why he is unable to comply.

Further, pursuant to the screening provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the Court may dismiss a

complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Plaintiff's claims in this case stem from another pending civil rights case in which he is challenging the implementation of the DOC's facial hair policy at Mayo CI.  *See Williams v. Wimberley*, Case No. 1:18-cv-252-MW-GRJ.  In the instant case, Plaintiff alleges that he was subjected to a false disciplinary report in retaliation for filing the facial-hair lawsuit.  For relief, Plaintiff seeks compensatory and punitive damages of $60,000 against each defendant.  ECF No. 1.

Plaintiff does not allege that he suffered any physical injury as a result of Defendants' alleged actions.  The PLRA) provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Smith v. Allen,* 502 F.3d 1255, 1271 (11th Cir. 2007) (citing *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.2002)).  Because Plaintiff has alleged no physical injury in connection with his claims, he is barred by the PLRA from seeking compensatory and punitive damages for retaliation. *See id.*

The PLRA does not preclude the recovery of nominal damages – typically one dollar ($1.00) – if a Plaintiff establishes a violation of a fundamental constitutional right.  *Smith*, 502 F.3d at 1271.  Any claim for declaratory and injunctive relief is moot since Plaintiff is no longer confined at Mayo CI.

The Court afforded Plaintiff an opportunity to amend his Complaint to eliminate any claim for compensatory or punitive damages and to clarify whether he requests to proceed with this case with only a claim for nominal damages.  Plaintiff has not done so, after being warned of the consequences of failing to respond, and therefore the Court concludes that Plaintiff has abandoned this case.

Accordingly, Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **DENIED.**  It is respectfully **RECOMMENDED** that this case should be **DISMISSED** for failure to prosecute and failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

**IN CHAMBERS** this 9th day of August 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.